**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-00930-WYD-MEH

COPPERSMITH PLUMBING, on behalf of its and all others similarly situated,

Plaintiff and Proposed Class Representative,

v.

ZURN PEX, INC. and
ZURN INDUSTRIES, INC.,

Defendants.

---

**PROTECTIVE ORDER**

---

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, it is ORDERED pursuant to this Court's authority under Fed. R. Civ. P. 26(c):

## I. DEFINITIONS

A. "Confidential Information" means information concerning proprietary research and development; business and marketing strategy; regulatory compliance and communication; financial information and projections; and risk assessment and analysis which is designated as "Confidential" by the Producing Party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, etc. Nothing in this Protective Order creates or provides an independent basis for providing confidentiality to any document or information not already provided by existing law.

Rather, the Court shall have the right to review *de novo* any claim of confidentiality under existing law.

B. "Stamped Confidential Document" means any document which bears the mark "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" – or which shall otherwise have had the mark recorded on it in a way that brings its attention to a reasonable examiner – to signify that it contains Confidential Information subject to protection under Fed. R. Civ. P. 26(c)(7) and this Order.

C. "Document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to Rule_34 subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Information may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

D. "Producing Party" means the party or third-party that produced the Stamped Confidential Document.

E. The Producing Party has an obligation to stamp documents confidential in good faith. The Producing Parties' attorneys, by stamping any document as confidential under this Protective Order, are certifying as to their belief that an attorney or designated reviewer under the direction of counsel has personally reviewed the document or information in question, that the designation of confidentiality is warranted under existing law, and that the designation is not

being made for any improper purpose as contemplated by Rule 11 of the Federal Rules of Civil Procedure.

F.	Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections, obligations and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 15 days from the date of their production, and during that period any party or the third party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

## II.	NON-DISCLOSURE OF STAMPED CONFIDENTIAL DOCUMENTS

A.	Except with the prior written consent of the Producing Party, or as provided in this Order, or as may be subsequently ordered by the Court, Stamped Confidential Documents may not be disclosed to any person except as described below.

B.	A Producing Party may, in its discretion, disclose its designated Stamped Confidential Documents to any person.  Upon disclosing Stamped Confidential Documents to any third person, the Producing Party shall either obtain the agreement of such person to abide by the terms of this Protective Order by signing the Written Assurance attached as Exhibit A or promptly notify the non-producing party that the confidentiality designation has been removed.

C.	Stamped Confidential Documents may be disclosed to:

1.	the parties and counsel of record for the parties in this litigation, including the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of

such counsel, to the extent reasonably necessary to render professional services in the litigation. No Stamped Confidential Documents may be disclosed to putative class members other than the named plaintiffs. After the Court makes a decision on certification of the putative class, the parties agree to confer regarding possible revision of this protective order and shall work cooperatively to obtain a prompt hearing before the Magistrate Judge in the event they are unable to reach agreement.

        2.      Judges, court reporters, court personnel, or videographers present at trial, hearings, arguments, or depositions held in this matter.

        3.      Other persons who may be designated by written consent of the Producing Party or pursuant to Court Order.

        4.      To witnesses during depositions and trial testimony.

    D.    Subject to subparagraph E, Stamped Confidential Documents may also be disclosed to:

        1.      persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify;

        2.      consultants or experts retained for the purpose of assisting counsel of record in this litigation; and

        3.      third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Stamped Confidential Documents.

    E.    Before disclosing Stamped Confidential Documents to any person pursuant to

paragraph D, the party proposing such disclosure shall show a copy of this Protective Order to such person, and she/he shall sign the Written Assurance attached as Exhibit A. If the witness or deponent refuses to sign the Protective Order, the parties shall work cooperatively to obtain an prompt hearing before the Magistrate Judge to resolve any issues of confidentiality, including by waiving the fourteen (14) day motion period timeline, so that the ultimate resolution of this case shall not be delayed.

  F. For purposes of this paragraph, a "Competitor" of the Producing Party is a person or entity that either manufactures plumbing fittings or piping of the type at issue in this litigation, irrespective of the material used in the manufacturing process, for the purpose of sale, or that is a distributor for such a manufacturer. Before disclosing Stamped Confidential Documents pursuant to paragraph D to a Competitor (or a current employee of a Competitor) of the Producing Party, the party proposing to make such disclosure shall give at least fourteen (14) days advance notice in writing, which shall provide a reasonable description of the person to whom disclosure is proposed sufficient to permit an objection to be made, to counsel for the Producing Party. If, within the 14 day period, the Producing Party objects in writing to the proposed disclosure, disclosure shall not be made until the parties have resolved the matter or the Court has ruled on it. In ruling, the Court shall determine the issues *de novo* and the existence of this Protective Order shall not result in any presumption that any person is or is not a Competitor or that any document is or is not Confidential. The parties shall work cooperatively to obtain a prompt hearing before the Magistrate Judge to resolve any issues of confidentiality, including by waiving the 14 day motion period timeline, so that the ultimate resolution of this case shall not

be delayed.

G. A recipient of Stamped Confidential Documents shall keep them in a secure area and shall exercise due care to restrict access to those persons described in 2(C)(1). Any summary, copy of, or excerpt from a Stamped Confidential Document shall be subject to this Order to the same extent as the Stamped Confidential Document itself, and must be labeled as Confidential. A recipient shall not duplicate any Stamped Confidential Document except for use as working copies and for filing in court.

**III. DECLASSIFICATION OF STAMPED CONFIDENTIAL DOCUMENT**

A party may challenge, by motion, the propriety of a confidential designation after first conferring over disputed issues. Upon a challenge by the non-producing party to the designation of a document as confidential, the Producing Party shall obtain a hearing and file a motion within ten (10) days of such challenge to determine whether there exists in the law a basis for maintaining the document or information as confidential. Nothing in this Protective Order changes the burden of proving the existence of confidentiality as to any document or information. **IV. CONFIDENTIAL INFORMATION IN DEPOSITIONS**

A. A deponent, other than a current employee of the Producing Party, shall be shown a copy of this Order and shall be asked to sign the Written Assurance attached as Exhibit A before being shown or examined about Stamped Confidential Documents, except that during the course of a deposition any deponent may be shown and examined about Stamped Confidential Documents without being shown this Order and being asked to sign the Written Assurance if the document reflects that the deponent was the author or recipient. If the witness refuses to sign the

Protective Order, the parties shall work cooperatively to obtain a prompt hearing before the Magistrate Judge to resolve any issues of confidentiality, including by waiving the 14 day motion period timeline, so that the ultimate resolution of this case shall not be delayed.

B. Parties and deponents may, within 30 days after receiving the deposition transcript from the court reporter, designate pages and lines of the transcript (and exhibits thereto) as confidential by underlining or otherwise designating the portions of the pages that are confidential. The parties may only designate as confidential portions of depositions that they, their own employees or persons with confidential obligations to the Producing Party provided, and not depositions of independent third parties with no such confidentiality obligations, except to the extent that inquiry was made during the deposition regarding Stamped Confidential Documents. The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the following legend, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" And will note on the cover page of any such deposition provide the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order." Until expiration of the 30 day period, the entire deposition will be treated as subject to this order. If the deposition transcript is filed and a timely designation made, the confidential portions and exhibits shall be filed under seal.

## V. SUBPOENA for stamped confidential documents

If Stamped Confidential Documents are subpoenaed by any person, court, administrative or legislative body, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until twenty

(20) days after giving counsel for the Producing Party notice in writing of the subpoena, accompanied by a copy of the subpoena. If the Producing Party objects to the subpoena, the party to whom the subpoena is directed agrees not to produce documents in response to it until the resolution of the objection by the appropriate court. There is no obligation on the non-producing party, however, to violate a court order or to act in such a fashion as to fall into contempt of court.

## VI. FILING AND USE OF STAMPED CONFIDENTIAL DOCUMENTS FOR PRETRIAL PURPOSES

A. Stamped Confidential Documents shall be filed under seal and shall remain sealed in the Clerk's office so long as they retain their status as Stamped Confidential Documents.

B. During pre-trial proceedings, a party will not display Stamped Confidential Documents or other Confidential Information in the courtroom in such a manner that they are viewable by third parties within the courtroom nor refer to the contents of the Stamped Confidential Documents or other Confidential Information on the record unless the opposing party has had meaningful notice and an opportunity to object. Counsel may, however, respond to inquiries by the Court or argument by opposing counsel with reference to Confidential Information or the contents of Stamped Confidential Documents, but before doing so, will alert the Court and opposing counsel so that appropriate steps can be taken to protect the Confidential Information or the contents of the Stamped Confidential Documents.

## VII. PROPER USE OF STAMPED CONFIDENTIAL DOCUMENTS

Persons obtaining access to Confidential Information or Stamped Confidential

Documents pursuant to Order shall use the information for preparation and trial of this litigation only – including appeals and retrials – and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

## VIII. NON-TERMINATION

The provisions of this order shall not terminate at the conclusion of these actions. Within one hundred and twenty (120) days after final conclusion of all aspects of this or any related litigation including appeals, Stamped Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer, destroyed. Any shipping and/or destruction of documents shall be done at the expense of the Producing Party. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than one hundred and fifty (150) days after final termination of this litigation.

## IX. MODIFICATION PERMITTED

Nothing in this order shall prevent any party or other person from objecting to discovery that it believes to be otherwise improper or from seeking modification of this order, including further provisions for categories of documents requiring heightened protection.

## X. INADVERTENT DISCLOSURE

A. Any inadvertent disclosure of confidential, proprietary, or privileged material will not be construed as a waiver, in whole or in part, of (1) the Producing Party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally

disclosed or more generally as to the subject matter of this information disclosed, or (2) the party's right to designate the material as confidential pursuant to this Order.

B. The Producing Party shall promptly notify the other party of an inadvertent disclosure following discovery of the inadvertent production, and that other party (1) shall in the case of a privileged document, return the inadvertently disclosed document forthwith, as well as any and all copies; or (2) in the case of a confidential, proprietary document, shall mark it and all copies, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," at the expense of the Producing Party. However, if any produced documents are subsequently claimed to be privileged, but the non-Producing Party asserts that the nature and circumstances of the documents themselves indicate that they are non-privileged, then the non-Producing Party may in good faith hold the documents and challenge the claim of privilege as to those documents. During such time the non-Producing Party will not disclose said documents being challenged to third parties, nor use these documents in any deposition, nor include these documents or their content in any court filing, except under seal. If any inadvertently produced Confidential Information has been provided to a third party, the non-Producing Party will use all reasonable efforts to secure the return and proper designation of the Confidential Information, including reminding the third-party of its obligation to adhere to the terms of this Protective Order that party agreed to by executing the Written Assurance attached as Exhibit A. In the event that the other party still cannot comply with these requirements – because, for example, the inadvertently produced document has been given to a third party – the other party shall provide the Producing Party with the name, address, and telephone number of such person(s) as well as the date of and

reason for the transmission of the document and work with the Producing Party to secure enforcement of the terms of this Protective Order.

C. Notice of inadvertent disclosure shall apply to all copies of the document inadvertently disclosed.

IT IS SO ORDERED this 15th day of August, 2008.

BY THE COURT:


  s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

## WRITTEN ASSURANCE

_____________________________________________ declares that:
I reside at _______________ ________________________________ in the City of _____________, County of __________, State of __________. My telephone number is _______________.

I am currently employed by ___________________________________________, located at ______________________________________________, and my current job title is ________________________________ .

I have read and I understand the terms of the Protective Order dated _____________, filed in Coppersmith Plumbing v. Zurn Pex, Inc. and Zurn Industries, Inc., Court File No. 08-00930 (WYD/MEH), pending in the United States District Court for the District of Colorado. I_agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated “Confidential” obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated “Confidential”, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on (Date) By (Signature)